IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

BK 07-71959-CMS-13

SHARON HARLESS

DEBTOR.

## MEMORANDUM OF DECISION

This matter was set for hearing on Confirmation of the Chapter 13 plan of reorganization of the Debtor Sharon Harless (Harless) and her Motion to Value a 2007 Toyota Yaris automobile purchased from Tuscaloosa Toyota and financed by World Omni Financial Corporation (World Omni)(BK Doc. 8). World Omni objected to confirmation of the plan and challenged the debtor's right to value its automobile asserting that the "hanging paragraph" of 11 U.S.C. § 1325(a) prohibited the valuation of its collateral (BK Doc. 31). The court **SUSTAINS** World Omni's objection to confirmation and finds that the Debtor cannot value the collateral of World Omni.

### FINDING OF FACTS

Prior to May 12, 2007, Harless owned a 2004 Toyota Corolla, which was not paid for. She testified that she was concerned about the dependability and future costs of maintenance on this automobile and decided that the best course of action would be to buy a new automobile, which would then have a warranty. She went to Tuscaloosa Toyota on May 12, 2007, and purchased a new 2007 Toyota Yaris automobile. Debtor's Exhibit 1 is a copy of the bill of sale which reflects that the price of the car she was purchasing was $12,674.00. City, county, and state taxes added $214.67. Also included on the bill of sale is $599.00 for "gap waiver," which the court assumes is what is commonly referred to as gap insurance. There is also a $459.50 charge for a "customer service fee,"

which is for an unknown purpose. A title charge of $16.50 is also included, giving a total cash price of $13,963.67.

Debtor's Exhibit 1 also reflects the trade in of her 2004 Toyota Corolla. This shows that a $7,000.00 allowance was made for the trade in, but that she owed $15,484.67, giving Harless a negative equity of $8,484.67. This amount is added to the amount financed and Harless is given credit for a $500.00 deposit and $1,646.00 cash on delivery, for a total amount financed of $20,302.34.

Claim #7 filed by World Omni includes a copy of the retail installment sales contract showing the $20,302.34 financed for seventy-four (74) months at 18.44% interest, with monthly payments of $461.38. This retail installment sales contract also reflected the negative equity trade in, but in the amount of $6,338.67, which is equal to the $8,484.67 negative equity reflected on the bill of sale minus the $500.00 deposit and $1,646.00 cash on delivery.

November 1, 2007, Harless filed her Chapter 13 bankruptcy petition in which she proposed to pay World Omni as a secured creditor to the extent of $12,175.00 at 8.25% interest, with a fixed payment of $252.00 per month. The balance of the claim on the 2007 Toyota Yaris would be paid as unsecured, along with the other unsecured creditors, receiving a 45% distribution. A second automobile financed with World Omni, a 2004 Scion, was proposed to be paid direct by a third party cosigner.

The court took testimony on January 22, 2008, on the value of the 2007 Toyota Yaris. Testimony was that the replacement value of the car was $12,175.00, which is $499.00 less than the purchase price of the automobile before taxes and other charges.

The "hanging paragraph" of Section 1325(a) provides, "[f]or purposes of paragraph (5),

2

section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-days preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in Section 30102 of title 49) acquired for the personal use of the debtor...." There is no dispute in this case that the debt to World Omni was incurred within 910 days preceding the filing of the petition, and there is no dispute that the collateral for the debt is a motor vehicle acquired for the personal use of Harless.

The sole issue is whether or not the creditor "has a purchase money security interest securing the debt that is the subject of the claim."

## CONCLUSIONS OF LAW

The Bankruptcy Court has jurisdiction of this case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this issue, a core bankruptcy proceeding, pursuant to 28 U.S.C. § 1334(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Court for the Northern District of Alabama, Signed July 16, 1984, As Amended July 17, 1984.

This issue had not been addressed by the Eleventh Circuit Court of Appeals when the parties argued and briefed this matter and when taken under submission by the court. The Eleventh Circuit has now issued an opinion resolving this matter. On the authority of Graupner v. Nuvell Credit Corporation, 2008 WL 2993570 (11th Cir. 2008) the court finds that the inclusion of negative equity on a trade in vehicle does not destroy the creditor's purchase money security interest in the entire transaction and therefore World Omni is protected from having its collateral valued by the hanging paragraph of 11 U.S.C. Section 1325(a).

3

The court therefore finds that the Objection to Confirmation in this case is due to be **SUSTAINED**.

An order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this August 13, 2008.

/s/ C. Michael Stilson  
C. Michael Stilson  
United States Bankruptcy Judge

4